NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10070 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-08242-DJH-1 |
| v. | |
| GIORDANO JACKSON, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10071 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-08212-DJH-1 |
| v. | |
| GIORDANO JACKSON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted December 8, 2021
Pasadena, California

Before: W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Defendant Giordano Jackson appeals from his conviction for first-degree murder in violation of 18 U.S.C. § 1111. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 18 U.S.C. § 1291, and we affirm.[1]

1.     Jackson argues that the district court improperly restricted his cross-examination of a treating physician. We review evidentiary rulings, including the decision to exclude expert testimony, for abuse of discretion. *See United States v. Rodriguez*, 971 F.3d 1005, 1017 (9th Cir. 2020). The parties dispute whether harmless error or plain error review applies, but we need not resolve that dispute, as there was no error.

The district court properly classified the sought testimony—the rate at which alcohol dissipates from the body—as expert testimony, not lay opinion testimony. *See* Fed. R. Evid. 701(c). The district court did not abuse its discretion by excluding expert testimony after the witness testified that she was "not an expert in this" and could not "list all of [the relevant factors] off the top of [her] head" without "research." The exclusion did not violate Jackson's Confrontation Clause rights, as it "left the jury with sufficient information to assess the credibility of the

---

[1] Jackson also challenges the sufficiency of the evidence for his kidnapping conviction under 18 U.S.C. § 1201(a)(2). We reverse that conviction in a concurrently-filed published opinion. Jackson also filed an appeal of the revocation of his supervised release in a separate case, but he conceded that there are "no independently meritorious appellate issues" related to that revocation.

witness." *United States v. Larson*, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc). Nor did it violate Jackson's right to present a complete defense, as nothing prevented Jackson from introducing the sought testimony through his own expert. *Cf. United States v. Stever*, 603 F.3d 747, 755, 757 (9th Cir. 2010) (reversing where adverse discovery ruling and evidentiary exclusions entirely foreclosed defense theory).

2.      Jackson next argues that the government's evidence was insufficient to prove premeditation beyond a reasonable doubt.  In assessing the sufficiency of the evidence, we "determine whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The government presented sufficient evidence of premeditation to sustain the first-degree murder conviction.  "Premeditation can be proved by circumstantial evidence," including evidence of "[m]ultiple strikes with multiple weapons over a long period of time"; calculated behavior before, during, and/or after the killing; and a pre-existing relationship between the defendant and victim. *United States v. Reza-Ramos*, 816 F.3d 1110, 1123-24 (9th Cir. 2016); *see Guam v. Atoigue*, 508 F.2d 680, 681-82 (9th Cir. 1974).  The evidence at trial—including

the number and location of the victim's wounds, the prior romantic relationship between the defendant and the victim, and Jackson's behavior after the killing—can support an inference of premeditation. Jackson's arguments that the evidence could be construed to show a lack of premeditation are unavailing, as we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any . . . conflicts in favor of the prosecution." *Nevils*, 598 F.3d at 1164 (quoting *Jackson*, 443 U.S. at 326).

3.     Jackson next argues that the government committed misconduct in its closing arguments by alleging that Jackson, *inter alia*, searched for the murder weapon in his house, started beating the victim in his house, enjoyed domestic abuse, and lied about being intoxicated at the time of the murder. To prevail on a misconduct claim, the defendant must first prove that the prosecutor's actions were misconduct and then prove prejudice. *See United States v. Wright*, 625 F.3d 583, 609-10 (9th Cir. 2010), *superseded by statute on other grounds*, 18 U.S.C. § 2252A(a)(1). Because Jackson did not object at trial, we review for plain error. *See United States v. Molina*, 934 F.2d 1440, 1444 (9th Cir. 1991).

The government's arguments that Jackson lied were not misconduct. In a case like this one that "essentially reduces to which of two conflicting stories is true," it is not unreasonable to argue "that one of the two sides is lying." *Id.* at 1445. The government's graphic descriptions about Jackson's proclivities for

domestic abuse present a closer call, but on balance, those arguments were "hard blows" tied to "reasonable inferences from the evidence." *Wright*, 625 F.3d at 613 (quoting *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000)); *see United States v. Rude*, 88 F.3d 1538, 1547-48 (9th Cir. 1996); *United States v. Bracy*, 67 F.3d 1421, 1431 (9th Cir. 1995). The government's statements about Jackson's conduct in his home—searching for the weapon and beating the victim there—are arguably grounded in guesswork rather than inferences and evidence. *See United States v. Hermanek*, 289 F.3d 1076, 1082, 1101 (9th Cir. 2002). Nonetheless, Jackson cannot establish plain error: Given "the evidence supporting the jury's verdict, we do not believe that permitting that verdict to stand constitutes a miscarriage of justice." *Molina*, 934 F.2d at 1446.

4.     Finally, Jackson argues that the cumulative effect of errors warrant reversal. However, "[t]here can be no cumulative error" where, as here, there was not "more than one error." *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

**AFFIRMED.**